UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVAN JOHNSON, JOSH GRAY, and DYLAN COOK,

                    Plaintiffs,

        v.

HYTECH POWER, LLC., a Washington limited liability company; TOM GIBBONS, THE ESTATE OF S.B. JOSEPH CLARK; CHASE C. ENGELHART and MARGARET A. CLARK, Co-Personal Representatives of the ESTATE OF S.B. JOSEPH CLARK, Deceased; CHASE C. ENGELHART, individually; THOMAS GIBBONS, individually and his marital community with JANE DOE GIBBONS, his spouse; AVIATION PARTNERS, INC., a Washington corporation; APB WINGLETS COMPANY, LLC, a Foreign Limited Liability Company; and AVIATION PARTNERS BOEING WINGLETS II, LLC, a multiemployer health plan,

                    Defendants.

No. 2:20-cv-01676-RAJ

AMENDED COMPLAINT FOR VIOLATION OF THE CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT ("COBRA") AND UNPAID WAGES



LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

EVAN JOHNSON, JOSH GRAY, and DYLAN COOK (collectively, "Plaintiffs"), hereby sue Defendants named in the caption above and allege as follows:

## I.   PARTIES

1.      Plaintiff Evan Johnson ("Johnson") is, and at all times mentioned herein has been, an individual residing in King County, Washington, and at all relevant times was employed by Defendant HyTech Power, LLC.

2.      Plaintiff Josh Gray ("Gray") is, and at all times mentioned herein has been, an individual residing in King County, Washington, and at all relevant times was employed by Defendant HyTech Power, LLC.

3.      Plaintiff Dylan Cook ("Cook") is, and at all times mentioned herein has been, an individual residing in King County, Washington, and at all relevant times was employed by Defendant HyTech Power, LLC.

4.      Plaintiffs have standing to bring an ERISA action under 29 U.S.C. § 1132(a)(1)(B), 29 U.S.C. § 1132(a)(3), and federal common law established pursuant to ERISA.

5.      Defendant HyTech Power, LLC ("HyTech") is a Washington limited liability company, and the former employer of Plaintiffs. HyTech provided a number of benefits for employees including, through Regence BlueShield, group health insurance benefits (the "Plan"). The Plan is pursuant to the Employment Retirement Security Act of 1974 ("ERISA") and is designed to provide health benefits to eligible employees. Plaintiffs were at all relevant times covered participants, as that term is defined by ERISA, 29 U.S.C. § 1002(7), in and beneficiaries of the Plan. Upon information and belief, Hytech, as the employer, may also be the Plan Sponsor or Plan Administrator as provided by 29 U.S.C. § 1002(16) and a fiduciary under ERISA

6.      Defendant Thomas (Tom) Gibbons ("Gibbons") is a married person who resides in

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 2
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

King County, Washington with his spouse Jane Doe Gibbons. Gibbons is, and was at all material times, a duly appointed director on the HyTech Board. Gibbons was appointed to the Board by JCAI. After S.B. Joseph Clark's death, Gibbons replaced Clark as the chairman of the Board.  All Gibbons' actions alleged in this Complaint were done for himself while he was married and were intended to benefit his marital community.

7.      Defendants CHASE C. ENGELHART and MARGARET A. CLARK are the court-appointed Co-Personal Representatives of the Estate of S.B. Joseph Clark, Deceased, King County Superior Court no. 20-4-02154-4 SEA (the "Estate").

8.      Defendant Chase C. Englehart is an unmarried person residing in King County, Washington and is and was at all material times a duly appointed director on HyTech's Board.

9.      Defendant The Estate of S.B. Joseph Clark, Deceased, is a probate estate opened in King County, Washington, under Superior Court no. 20-4-02154-4 SEA (the "Estate").

10.     Defendant APB Winglets Company, LLC, a foreign limited liability company, doing business as Aviation Partners Boeing ("APB") is and at all relevant times hereto was is a Delaware state corporation registered to do business in Washington state (UBI #: 601 969 482). On information and belief, the Plan's health benefits are underwritten and administered by APB, which was the "administrator" or "sponsor" of the Plan within the meaning of 29 U.S.C. § 1002(16). APB is a fiduciary under ERISA.

11.     Defendant Aviation Partners, Inc., a Washington corporation, ("API") is a corporation organized and existing under the laws of the State of Washington. Health insurance for HyTech employees was provided through API, which was the "administrator" or "sponsor" of the Plan within the meaning of 29 U.S.C. § 1002(16). API is a fiduciary under ERISA.

12.     Defendant Aviation Partners Boeing Winglets II, LLC, ("APB Winglets II") which

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 3
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

has been identified in the Plan as the group contracting for health care benefits with Regence BlueShield for its employees. APB Winglets II is believed to be the "administrator" or "sponsor" of the Plan within the meaning of 29 U.S.C. § 1002(16). APB Winglets II is a fiduciary under ERISA.

13.     At all relevant times herein, ERISA imposes: "higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator 'discharge [its] duties' in respect to discretionary claims processing 'solely in the interests of the participants and beneficiaries' of the plan, [ERISA] § 1104(a)(1).'" *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2350, 171 L.Ed.2d 299 (2008).

## II.     <u>JURISDICTION AND VENUE</u>

14.     Jurisdiction of the federal claims in this action arises pursuant to the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, et seq., 29 U.S.C. § 1132(a)(1)(B), (3), and (e)(1); this Court has original jurisdiction over federal questions presented in this action pursuant to 28 U.S.C. § 1331.

15.     Venue is appropriate in this judicial district under 29 U.S.C. § 1132(e)(2) because a defendant resides or may be found in or does substantial business in the Western District of Washington and because the breach took place in this District.

16.     The Court has supplemental jurisdiction over the wage claim portion of the subject matter of this action pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

## III.     <u>BACKGROUND FACTS</u>

17.     S.B. Joseph Clark ("Clark" or "Decedent") was the Chairman of the Board of HyTech commencing June 14, 2018. Clark died on March 30, 2020 and was replaced as Chairman shortly thereafter by Gibbons.

18.     On June 14, 2018 HyTech assumed an obligation to pay $7,500 in unpaid deferred

<u>AMENDED</u> COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 4
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

compensation ($7,500) to Mr. Johnson in an HTP Assignment and Contribution Agreement at §1.3. HyTech, therefore, has successor liability to pay the unpaid wages owed to Mr. Johnson.

19.     Both the salary and deferred compensation that was due to Johnson were set forth in the budget ("Budget") attached to the June 14, 2018 HyTech limited liability company agreement ("LLC Agreement").

20.     The LLC Agreement provided the chief executive officer's salary could not be reduced without a supermajority vote of HyTech's board of directors ("Board").  A supermajority vote of the Board was defined as at least 4 Board members affirmatively voting in favor of a proposed action.

21.     The LLC Agreement also provided that any material deviation from the Budget required a supermajority vote of the Board.

22.     Clark, Gibbons, and Englehart decided, without obtaining a supermajority board vote as required by the HyTech LLC Agreement, to materially deviate from HyTech's budget and reduce Evan Johnson's (HyTech's Chief Technology Officer) agreed-upon salary from $20,000 per month ($240,000 annually) to $10,000 per month ($120,000 annually) for the last 15 months of Johnson's employment with HyTech. HyTech owes Johnson $150,000 in unpaid wages from his employment with HyTech and not to pay Johnson the deferred compensation that HyTech had agreed to pay him.

23.     Plaintiff Johnson performed services for HyTech and was not paid by HyTech for those services or for the deferred compensation to which he was entitled due to Clark's, Gibbons', and Englehart's conscious and intentional decision not to pay Johnson.

24.     RCW 49.52.070 extends liability to pay unpaid wages to "any officer, vice principal, or agent of any employer who shall violate any of the provisions of RCW 49.052.050(1) and (2)," which includes willfully not paying any employee unpaid wages, including deferred compensation.

25.     RCW 49.52.070 also requires a court to award exemplary damages of twice the

AMENDED COMPLAINT FOR VIOLATION OF THE CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT ("COBRA") AND UNPAID WAGES - 5
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
FAX 206 340-2563

amount of an employee's unpaid wage claim, plus interest and attorney fees.

26.     The King County Superior Court entered an Order Admitting Will to Probate, Appointing Personal Representatives, and Granting Nonintervention Powers in the Estate of S.B. Joseph Clark, Deceased, under King County Superior Court no. 20-4-02154-4 SEA on April 23, 2020.

27.     Evan Johnson has a claim against the Decedent's Estate for: $15,000 in assumed deferred compensation, plus $300,000 in guaranteed compensation, plus $60,000 for 6 weeks' vacation, for a total of $375,000, plus interest and attorney fees.

28.     All Plaintiffs were employees of HyTech.

29.     Plaintiffs and their dependents were enrolled in a medical benefits plan ("Plan") through Plaintiffs' employer HyTech.

30.     The Plan was sponsored by either API, APB, or APB Winglets II.

31.     The Plan was administered by either API, APB, or APB Winglets II.

32.     During the relevant time, the employers had more than 20 employees.

33.     It is believed and therefore averred that API, APB, or APB Winglets II was designated as the Plan administrator or sponsor of the multiemployer plan.

34.     On April 30, 2020, HyTech terminated the employment of all Plaintiffs without notice. All medical benefits for Plaintiffs and their dependents, including health, dental, and vision insurance, was canceled effective April 30, 2020, without notice to Plaintiffs at that time.

35.     Plaintiffs continued to conduct testing on behalf of HyTech using heavy equipment and putting themselves at risk of personal bodily injury, during May of 2020.

36.     Plaintiffs did not receive any election notices offering temporary continuation of their health insurance coverage benefits under COBRA within 60 days of termination of their health, dental, and vision insurance coverage on April 30, 2020.

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 6
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

37.     Plaintiffs learned of the termination of their health, dental, and vision insurance coverage benefits not until the week of July 6, 2020. No Defendant provided any of the Plaintiffs with a notice of continuation benefits under COBRA.

38.     One or more Plaintiffs or one or more of their covered dependents or immediate family member(s) incurred medical expenses after April 30, 2020, which Plaintiff or Plaintiffs had to pay out of pocket due to lack of insurance coverage.

39.     As a direct and proximate result of Defendants' conduct described above, Plaintiffs suffered damages in the nature of lost past and future wages and benefits and medical expenses.

**FIRST CAUSE OF ACTION:**
**Johnson's Claim for unpaid wages**

40.     Plaintiffs re-allege and incorporate in this cause of action the allegations contained in paragraphs 1 through 39, above.

41.     Defendants HyTech, Engelhart, and Gibbons intentionally withheld employment compensation from Johnson contrary to RCW 49.52.050 and .070.

42.     Johnson is entitled by statute to attorney fees, interest, and double exemplary damages.

43.     The claim for intentionally and wrongfully withheld employment compensation arises out of the same common nucleus of operative facts as the claim for COBRA notice violations.

44.     Johnson seeks a judgment against the Estate pursuant to RCW 11.40.100(1).

**SECOND CAUSE OF ACTION**
**Wrongful denial of COBRA coverage under 29 U.S.C. §§ 1161 et seq. and 1132.**

45.     Plaintiffs re-allege paragraphs 1 through 44, above.

46.     The termination of the Plaintiffs' employment by HyTech on April 30, 2020 was a qualifying event that triggered COBRA coverage under ERISA.



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

47.     At the termination of the Plaintiffs' medical and dental benefits, they and their families were entitled to continuation coverage pursuant to IRC Section 4980B, ERISA Sections 601-608 and under any other applicable law as if the termination date was the date on which such medical and dental benefits expired.

48.     Defendants HyTech, Tom Gibbons, API, APB, and/or APB Winglets II wrongfully denied Plaintiffs and their dependents continuation health coverage following the occurrence of the qualifying event in April, 2020, in violation of 29 U.S.C. §§ 1161 and applicable federal regulations.

### THIRD CAUSE OF ACTION
### COBRA notice violations (failure to provide notice of continuation benefits) under 29 U.S.C. §§ 1166 and 1132.

49.     Plaintiffs re-allege paragraphs 1 through 48, above.

50.     29 U.S.C. § 1161(a) requires the plan sponsor of each group health plan to provide notice that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan.

51.     HyTech, API, APB, and/or APB Winglets II failed to provide such election notices or paperwork to the Plaintiffs, who were affected employees, in violation of 29 U.S.C. § 1166 and applicable federal regulations, and the Plaintiffs never received such election notices offering temporary continuation of their health insurance coverage and stating that they have a right to COBRA coverage.

52.     Pursuant to ERISA §§ 601-608, 29 U.S.C. § 4980B, Plaintiffs are entitled to recover the cost of medical expenses incurred during the 18-month period beginning April 30, 2020.

53.     Under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), Plaintiffs are entitled to receive up to $110 per Plaintiff per day that Plaintiffs were not provided with the required initial COBRA notice

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 8
{23429/30927/V1573486.DOCX}



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1    or the COBRA election notice.

2

3                                    **FOURTH CAUSE OF ACTION**

4          **Attorney fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

5

6          54.     Plaintiffs re-allege paragraphs 1 through 53, above.

7          55.     Plaintiffs are entitled to an award of their applicable attorney fees and costs under

8    ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

9

10                                          **DAMAGES**

11         56.     Plaintiffs re-allege paragraphs 1 through 55, above.

12         57.     As a result of Defendants' actions, Plaintiffs have lost benefits due under the Plan.

13         58.     As a result of Defendants' actions, Plaintiffs have incurred out-of-pocket medical

14   costs and other economic loss.

15         59.     As a result of Defendants' actions, Plaintiff Evan Johnson is entitled to intentionally

16   withheld employment compensation, attorney fees, interest, and double exemplary damages.

17

18

19                                     **PRAYER FOR RELIEF**

20         WHEREFORE, having alleged the foregoing as its cause of action, the Plaintiffs

21   request relief as follows:

22   A.    Judgment in favor of Johnson and against HyTech, Engelhart, Gibbons, and the Estate,

23         jointly and severally for $375,000;

24   B.    The cost of medical expenses incurred by Plaintiffs and their dependents or other eligible

25         family members during the 18-month period beginning April 30, 2020.

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

C.     An award of $110 per Plaintiff per day that Plaintiffs were not provided with the required initial COBRA notice or the COBRA election notice.

D.     An award of prejudgment interest at 12%, or the highest rate allowed by law;

E.     Costs of suit and other disbursements incurred by the Plaintiff;

F.     An award of interest on the judgment at the highest rate allowed by law;

G.     An award of reasonable attorneys' fees to the extent allowed by law; and

Such other and further relief as the Court deems just and proper, including injunctive relief.

DATED this 25th day of May 2021.

LASHER HOLZAPFEL SPERRY & EBBERSON PLLC

*/s/ Sean V. Small*
*/s/ Paul J. Spadafora*
By _____
Sean V. Small, WSBA #37018
Paul J. Spadafora, WSBA #49777
Attorneys for Plaintiffs

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

Alexander A Baehr
SUMMIT LAW GROUP
315 5TH AVE S
STE 1000
SEATTLE, WA 98104
Email: alexb@summitlaw.com

Christopher T Wion
SUMMIT LAW GROUP
315 5TH AVE S
STE 1000
SEATTLE, WA 98104
Email: chrisw@summitlaw.com

Bruce W Leaverton
KARR TUTTLE CAMPBELL
701 FIFTH AVE
STE 3300
SEATTLE, WA 98104
Email: bleaverton@karrtuttle.com

Daniel T Hagen
KARR TUTTLE CAMPBELL
701 FIFTH AVE
STE 3300
SEATTLE, WA 98104
Email: dhagen@karrtuttle.com

Nicholas Peter Gellert
PERKINS COIE (SEA)
1201 3RD AVE STE 4900
SEATTLE, WA 98101-3099

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 11
{23429/30927/V1573486.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

NGellert@perkinscoie.com

Deborah Joyce Phillips
PERKINS COIE (SEA)
1201 3RD AVE STE 4900
SEATTLE, WA 98101-3099
djphillips@perkinscoie.com

Mark A Bailey
KARR TUTTLE CAMPBELL
701 FIFTH AVE
STE 3300
SEATTLE, WA 98104
Email: mbailey@karrtuttle.com

Michael M. Feinberg
KARR TUTTLE CAMPBELL
701 FIFTH AVE
STE 3300
SEATTLE, WA 98104
Email: mfeinberg@karrtuttle.com

Bryan C Taylor
BAKER & HOSTETLER LLP
1420 FIFTH AVE
PO BOX 91302
STE 4200
SEATTLE, WA 98111-9402
Email: btaylor@bakerlaw.com

Carolyn Robbs Bilanko
BAKER HOSTETLER LLP (SEA)
999 THIRD AVENUE
SUITE 3900
SEATTLE, WA 98104
Email: cbilanko@bakerlaw.com

Douglas W Greene
BAKER HOSTETLER LLP (SEA)
999 THIRD AVENUE

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 12
{23429/30927/V1573486.DOCX}



Attorneys at law
2600 Two Union Square
601 Union Street
Seattle WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

SUITE 3900
SEATTLE, WA 98104
Email: dgreene@bakerlaw.com

James Raymond Morrison
BAKER HOSTETLER LLP (SEA)
999 THIRD AVENUE
SUITE 3900
SEATTLE, WA 98104
Email: jmorrison@bakerlaw.com

Maren Roxanne Norton
STOEL RIVES (WA)
600 UNIVERSITY ST STE 3600
SEATTLE, WA 98101-3197
Email: maren.norton@stoel.com

DATED this 25th day of May, 2021 at Seattle Washington

/s/ Ellen Krachunis
_____
Ellen Krachunis
Legal Assistant

AMENDED COMPLAINT FOR VIOLATION OF THE
CONSOLIDATED OMNIBUS BUDGET
RECONCILIATION ACT ("COBRA") AND UNPAID
WAGES - 13
{23429/30927/V1573486.DOCX}



LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563