THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN JOHNSON, JOSH GRAY, AND DYLAN COOK,<br><br>Plaintiffs,<br><br>v.<br><br>HYTECH POWER, LLC., a Washington limited liability company; TOM GIBBONS, THE ESTATE OF S.B. JOSEPH CLARK; CHASE C. ENGELHART and MARGARET A. CLARK, Co-Personal Representatives of the ESTATE OF S.B. JOSEPH CLARK, Deceased; CHASE C. ENGELHART, individually; THOMAS GIBBONS, individually and his marital community with JANE DOE GIBBONS, his spouse; AVIATION PARTNERS, INC., a Washington corporation; APB WINGLETS COMPANY, LLC, a Foreign Limited Liability Company; and AVIATION PARTNERS BOEING WINGLETS II, LLC, a multiemployer health plan,<br><br>Defendants. | Case No. 2:20-cv-01676-RAJ<br><br>**DEFENDANTS THOMAS GIBBONS AND JANE DOE GIBBONS ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Thomas Gibbons, individually, and together with his wife Susan Gibbons (referred to as "Jane Doe Gibbons") (collectively, "Mr. and Mrs. Gibbons"), by and through their undersigned counsel, hereby answer Plaintiffs Evan Johnson, Josh Gray, and Dylan Cook's

GIBBONS' ANSWER TO AMENDED COMPLAINT - 1
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

Amended Complaint for Violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and Unpaid Wages, and asserts the affirmative defenses stated herein. Except to the extent expressly admitted below, Mr. and Mrs. Gibbons deny each and every allegation asserted in the Amended Complaint.

## I.   PARTIES

1. Mr. and Mrs. Gibbons admit that Plaintiff Evan Johnson ("Johnson") was employed by HyTech Power, LLC ("HyTech"), and that he lived in the State of Washington at least at some times. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and deny the remaining allegations on that basis.

2. Mr. and Mrs. Gibbons admit that Plaintiff Josh Gray ("Gray") was employed by HyTech Power, LLC ("HyTech") and that he lived in the State of Washington at least at some times. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and deny the remaining allegations on that basis.

3. Mr. and Mrs. Gibbons admit that Plaintiff Dylan Cook ("Cook") was employed by HyTech Power, LLC ("HyTech") and that he lived in the State of Washington at least at some times. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and deny the remaining allegations on that basis.

4. Paragraph 4 of the Amended Complaint asserts a legal conclusion to which no response is required.

5. Mr. and Mrs. Gibbons admit that each of the Plaintiffs was an employee of HyTech, which is a Washington limited liability company, and that as employees they were afforded certain benefits from HyTech. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and deny the remaining allegations on that basis.

6. Mr. and Mrs. Gibbons admit that he is married, resides in King County, Washington, has been a member of the HyTech Board of Directors since HyTech's formation, was selected for that position by JC Aviation Inc. ("JCAI"), and succeeded S.B. Joseph Clark as

GIBBONS' ANSWER TO AMENDED COMPLAINT - 2
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

1  Chairman of the Board after Mr. Clark's death. Mr. and Mrs. Gibbons deny the remaining allegations in Paragraph 6.

7. Mr. and Mrs. Gibbons admit Paragraph 7 of the Amended Complaint.

8. Mr. and Mrs. Gibbons admit that Defendant Chase C. Englehart is unmarried, is a resident of King County, Washington, and is and has been a member of the Board of HyTech. Mr. and Mrs. Gibbons deny the remaining allegations in Paragraph 8.

9. Mr. and Mrs. Gibbons admit Paragraph 9 of the Amended Complaint.

10. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and deny the allegations on that basis.

11. Mr. and Mrs. Gibbons admit the allegations in the first sentence of Paragraph 11 and deny the remaining allegations in Paragraph 11.

12. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny the allegations on that basis.

13. Paragraph 13 of the Amended Complaint asserts a legal conclusion to which no response is required.

## II.   JURISDICTION AND VENUE

14. Paragraph 14 of the Amended Complaint asserts a legal conclusion to which no response is required.

15. Mr. and Mrs. Gibbons deny that any breach took place. The remaining allegations in Paragraph 15 assert legal conclusions to which no response is required.

16. Paragraph 16 of the Amended Complaint asserts a legal conclusion to which no response is required.

## III.   BACKGROUND FACTS

17. Mr. and Mrs. Gibbons admit Paragraph 17 of the Amended Complaint.

18. As to Paragraph 18 of the Amended Complaint, the referenced document speaks for itself. Mr. and Mrs. Gibbons deny all remaining allegations in this Paragraph.

GIBBONS' ANSWER TO AMENDED COMPLAINT - 3
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

19. As to Paragraph 19 of the Amended Complaint, the referenced document speaks for itself. Mr. and Mrs. Gibbons deny all remaining allegations in this Paragraph.

20. As to Paragraph 20 of the Amended Complaint, the referenced document speaks for itself.

21. As to Paragraph 21 of the Amended Complaint, the referenced document speaks for itself.

22. Mr. and Mrs. Gibbons admit that HyTech reduced the salary of Johnson from $20,000 per month to $10,000 per month and that Johnson knowingly consented and continued to be employed by HyTech for several months after he was informed of this salary reduction, and deny any other allegations in Paragraph 22.

23. Mr. and Mrs. Gibbons deny the allegations in Paragraph 23.

24. Paragraph 24 of the Amended Complaint asserts a legal conclusion to which no response is required.

25. Paragraph 25 of the Amended Complaint asserts a legal conclusion to which no response is required.

26. Mr. and Mrs. Gibbons admit Paragraph 26 of the Amended Complaint.

27. Mr. and Mrs. Gibbons admit that Mr. Johnson has submitted a claim against the Estate, which speaks for itself. Mr. and Mrs. Gibbons deny all remaining allegations in Paragraph 27.

28. Mr. and Mrs. Gibbons admit Paragraph 28 of the Amended Complaint.

29. Mr. and Mrs. Gibbons admit Paragraph 29 of the Amended Complaint.

30. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and deny the allegations on that basis.

31. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and deny the allegations on that basis.

32. Mr. and Mrs. Gibbons deny the allegations in Paragraph 32.

GIBBONS' ANSWER TO AMENDED COMPLAINT - 4
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

33. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and deny the allegations on that basis.

34. Mr. and Mrs. Gibbons admit Plaintiffs' employment with HyTech was terminated effective in April 2020. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and deny the remaining allegations on that basis.

35. Mr. and Mrs. Gibbons admit that one or more of Plaintiffs continued to engage in activities using property, including intellectual property, of HyTech after being terminated from their employment from HyTech, without the knowledge of all the members of the Board of HyTech or the authorization of HyTech. Mr. and Mrs. Gibbons deny all remaining allegations in Paragraph 35.

36. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and deny the allegations on that basis.

37. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 37 and deny the allegations on that basis. Mr. and Mrs. Gibbons deny the remaining allegations.

38. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and deny the allegations on that basis.

39. Mr. and Mrs. Gibbons lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and deny the allegations on that basis.

**FIRST CAUSE OF ACTION:**
**Johnson's Claim for unpaid wages**

40. In response to Paragraph 40 of the Amended Complaint, Mr. and Mrs. Gibbons incorporate by reference their responses to Paragraphs 1 through 39 as if fully rewritten herein.

41. Mr. and Mrs. Gibbons deny Paragraph 41 of the Amended Complaint.

42. Mr. and Mrs. Gibbons deny Paragraph 42 of the Amended Complaint.

43. Mr. and Mrs. Gibbons deny Paragraph 43 of the Amended Complaint.

GIBBONS' ANSWER TO AMENDED COMPLAINT - 5
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

44. No response is required to Paragraph 44 of the Amended Complaint.

## SECOND CAUSE OF ACTION
**Wrongful denial of COBRA coverage under 29 U.S.C. §§ 1161 et seq. and 1132.**

45. In response to Paragraph 45 of the Amended Complaint, Mr. and Mrs. Gibbons incorporate by reference their responses to Paragraphs 1 through 44 as if fully rewritten herein.

46. Mr. and Mrs. Gibbons deny Paragraph 46 of the Amended Complaint.

47. Mr. and Mrs. Gibbons deny Paragraph 47 of the Amended Complaint.

48. Mr. and Mrs. Gibbons deny Paragraph 48 of the Amended Complaint.

## THIRD CAUSE OF ACTION
**COBRA notice violations (failure to provide notice of continuation benefits) under 29 U.S.C. §§ 1166 and 1132.**

49. In response to Paragraph 49 of the Amended Complaint, Mr. and Mrs. Gibbons incorporate by reference their responses to Paragraphs 1 through 48 as if fully rewritten herein.

50. Paragraph 50 of the Amended Complaint asserts a legal conclusion to which no response is required.

51. Mr. and Mrs. Gibbons deny Paragraph 51 of the Amended Complaint.

52. Mr. and Mrs. Gibbons deny Paragraph 52 of the Amended Complaint.

53. Mr. and Mrs. Gibbons deny Paragraph 53 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
**Attorney fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

54. In response to Paragraph 54 of the Amended Complaint, Mr. and Mrs. Gibbons incorporate by reference their responses to Paragraphs 1 through 53 as if fully rewritten herein.

55. Mr. and Mrs. Gibbons deny Paragraph 55 of the Amended Complaint.

## DAMAGES

56. In response to Paragraph 56 of the Amended Complaint, Mr. and Mrs. Gibbons incorporate by reference their responses to Paragraphs 1 through 55 as if fully rewritten herein.

57. Mr. and Mrs. Gibbons deny Paragraph 57 of the Amended Complaint.

58. Mr. and Mrs. Gibbons deny Paragraph 58 of the Amended Complaint.

GIBBONS' ANSWER TO AMENDED COMPLAINT - 6
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

59. Mr. and Mrs. Gibbons deny Paragraph 59 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Having answered Plaintiffs' Amended Complaint, Mr. and Mrs. Gibbons hereby asserts the following Affirmative Defenses:

1. Plaintiffs fail to state a claim for which relief is available to them.

2. Plaintiffs failed to mitigate their claimed damages.

3. At least the claims of Mr. Johnson are barred by principles of waiver.

4. At least the claims of Mr. Johnson are barred by principles of estoppel.

5. Plaintiffs' claims are barred by their respective own wrong-doing, wrongful acts or omissions, or misrepresentations, whether intentional or negligent, including acts or omissions after the date of the filing of the Amended Complaint.

6. Plaintiffs' claims are barred by the doctrine of unclean hands, including with respect to events after the date of the filing of the Amended Complaint.

7. Plaintiffs' claims are barred by failure to meet conditions precedent.

8. Plaintiffs' damages, if any, were not proximately caused by these Defendants.

9. Plaintiffs' damages, if any, may have been proximately caused by the acts or omissions of other unnamed or unknown parties.

10. The claims of Johnson are barred because he is simultaneously pursuing relief for some of the same alleged causes of action in a pending action in King County Superior Court.

11. Mr. and Mrs. Gibbons reserve the right to amend this Answer to assert further defenses which are found through the discovery process to be reasonable and necessary.

## PRAYER FOR RELIEF

Having answered Plaintiffs' Amended Complaint and asserted Affirmative Defenses thereto, Mr. and Mrs. Gibbons now hereby pray for:

1. Dismissal with prejudice of the causes of action against them;

2. An award of Mr. and Mrs. Gibbons' reasonable attorney fees, statutory attorney fees, costs of litigation, and defense; and

GIBBONS' ANSWER TO AMENDED COMPLAINT - 7
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

3. Such other and further relief as the Court deems just and proper.

Dated June 8, 2021

BAKER & HOSTETLER LLP

*s/ Douglas W. Greene*
*s/ James R. Morrison*
*s/ Logan F. Peppin*
Douglas W. Greene, WSBA No. 22844
James R. Morrison, WSBA No. 43043
Logan F. Peppin, WSBA No. 55704
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Tel: 206.332.1380
Fax: 206.624.7317
dgreene@bakerlaw.com
jmorrison@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendants Thomas Gibbons and Jane Doe Gibbons*

GIBBONS' ANSWER TO AMENDED COMPLAINT - 8
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2021, I filed the foregoing paper with this Court's ECF/CF system, which causes the paper to be served by email on the following:

| | |
|---|---|
| Dennis J. McGlothin<br>Robert J. Cadranell<br>Western Washington Law Group, PLLC<br>7500 212th Street SW, Suite 207<br>Edmonds, WA 98026<br>Tel:    425.728.7296<br>Fax:    425.955.5300<br>dennis@westwalaw.com<br>robert@westwalaw.com<br><br>*Attorneys for Plaintiffs Dylan Cook, Josh Gray, and Evan Johnson* | Sean Vincent Small<br>Paul J. Spadafora<br>Lasher Holzapfel Sperry & Ebberson<br>601 Union St., Ste 2600<br>Seattle, WA 98101-4000<br>Tel:    206-624-1230<br>Fx:    206.340.2563<br>small@lasher.com<br>spadafora@lasher.com<br><br>*Attorneys for Plaintiff Evan Johnson* |
| Nicholas P Gellert<br>Deborah Joyce Phillips<br>Perkins Coie<br>1201 3rd Ave, Ste 4900<br>Seattle, WA 98101-3099<br>Tel:    206.359.8000<br>Fax:    206.359.8500<br>ngellert@perkinscoie.com<br>djphillips@perkinscoie.com<br><br>*Attorneys for Defendants Chase C. Engelhart and Margaret A Clark* | Maren Roxanne Norton<br>Stoel Rives<br>600 University St., Ste 3600<br>Seattle, WA 98101<br>Tel:    206-624-0900<br>Fax:    206.386.7500<br>maren.norton@stoel.com<br><br>*Attorneys for Defendant Regence BlueShield* |
| Alexander A. Baehr<br>Christopher T. Wion<br>Summit Law Group, PLLC<br>515 Fifth Avenue S., Suite 1000<br>Seattle, WA 98104-2682<br>Tel:    206.676.7000<br>alexb@summitlaw.com<br>chrisw@summitlaw.com<br><br>*Attorneys for Defendant HyTech Power, LLC* | Michael M. Feinberg, WSBA #11811<br>Bruce W. Leaverton, WSBA #15329<br>Mark A. Bailey, WSBA #26337<br>Daniel T. Hagen, WSBA #54015<br>Karr Tuttle Campbell<br>701 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>mfeinberg@karrtuttle.com<br>bleaverton@karrtuttle.com<br>mbailey@karrtuttle.com<br>dhagen@karrtuttle.com<br><br>*Attorneys for Defendants Chase Englehart, individually, and Clark Energy, LLC* |

                                        *s/ Laetitia Knox*
                                        Laetitia Knox

GIBBONS' ANSWER TO AMENDED COMPLAINT - 9
CASE NO. 2:20-CV-01676-RAJ

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380