THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN JOHNSON, JOSH GRAY, and DYLAN COOK,<br><br>Plaintiffs,<br><br>v.<br><br>HYTECH POWER, LLC., a Washington limited liability company; TOM GIBBONS, THE ESTATE OF S.B. JOSEPH CLARK; CHASE C. ENGELHART and MARGARET A. CLARK, Co-Personal Representatives of the ESTATE OF S.B. JOSEPH CLARK, Deceased; CHASE C. ENGELHART, individually; THOMAS GIBBONS, individually and his marital community with JANE DOE GIBBONS, his spouse; AVIATION PARTNERS, INC., a Washington corporation; AVIATION PARTNERS, INC., a Washington corporation; APB WINGLETS COMPANY, LLC, a Foreign Limited Liability Company; and AVIATION PARTNERS BOEING WINGLETS II, LLC, a multiemployer health plan,<br><br>Defendants. | No. 2:20-cv-01676-RAJ<br><br>ESTATE'S ANSWER TO AMENDED COMPLAINT |

Defendants Chase C. Englehart and Margaret A. Clark, Co-Personal Representatives of the Estate of S.B. Joseph Clark, on behalf of the Estate of S.B. Joseph Clark (collectively, the

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"Estate"), answer the allegations to the Amended Complaint filed by Plaintiffs ("Plaintiffs"), as follows:

## I. PARTIES

1. The Estate admits that Plaintiff Evan Johnson ("Johnson") was employed by HyTech Power, LLC ("HyTech") and that he lived in the State of Washington at least at some times. The Estate lacks sufficient information to admit or deny the allegations as to Johnson's place of residency or what he contends to be "all relevant times," and on that basis denies those allegations and otherwise denies any other allegations in paragraph 1 of the Amended Complaint.

2. The Estate admits that Plaintiff Josh Gray ("Gray") was employed by HyTech and that he lived in the State of Washington at least at some times. The Estate lacks sufficient information to admit or deny the allegations as to Gray's place of residency or what he contends to be "all relevant times," and on that basis denies those allegations and otherwise denies any other allegations in paragraph 2 of the Amended Complaint.

3. The Estate admits that Plaintiff Dylan Cook ("Cook") was employed by HyTech and that he lived in the State of Washington at least at some times. The Estate lacks sufficient information to admit or deny the allegations as to Gray's place of residency or what he contends to be "all relevant times," and on that basis denies those allegations and otherwise denies any other allegations in paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required.

5. The Estate admits that each of the plaintiffs was an employee of HyTech, which is a Washington limited liability company, and that as employees they were afforded certain benefits from HyTech, including being enrolled in a group health insurance plan of Regence BlueShield. Paragraph 5 of the Amended Complaint otherwise sets forth legal conclusions, not factual allegations, for which no response is required.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –2

152746981.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

6. The Estate admits that Thomas (Tom) Gibbons ("Gibbons") is married and is a resident of King County, Washington. Gibbons is, and has been, a duly appointed member of the Board of HyTech, was selected for that position by JC Aviation Inc. ("JCAI"), and that he became chairman of the Board of HyTech following the death of S.B. Joseph Clark ("Clark") who was the chairman at the time of his death. The last sentence of paragraph 6 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required. The Estate denies any other allegations in paragraph 6 of the Amended Complaint.

7. The Estate admits the allegations in paragraph 7 of the Amended Complaint.

8. The Estate admits that Chase C. Englehart ("Englehart") is unmarried and is a resident of King County, Washington. Englehart is and has been a member of the Board of HyTech. The Estate denies any other allegations in paragraph 8 of the Amended Complaint.

9. The Estate admits the allegations in paragraph 9 of the Amended Complaint.

10. The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 10 of the Amended Complaint, and on that basis denies those allegations.

11. The Estate admits the allegations in the first sentence of paragraph 11 of the Amended Complaint. The Estate denies any other allegations in paragraph 11 of the Amended Complaint.

12. The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 12 of the Amended Complaint, and on that basis denies those allegations.

13. Paragraph 13 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required.

## II. JURISDICTION AND VENUE

14. Paragraph 14 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –3

152746981.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15. The Estate denies that there was any "breach." Paragraph 15 of the Amended Complaint otherwise sets forth legal conclusions, not factual allegations, for which no response is required.

16. Paragraph 16 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required

### III. BACKGROUND FACTS

17. The Estate admits the allegations in paragraph 17 of the Amended Complaint.

18. The referenced document speaks for itself. The Estate denies any other allegations in paragraph 18 of the Amended Complaint.

19. The referenced documents speak for themselves   The Estate denies any other allegations in paragraph 19 of the Amended Complaint.

20. The referenced document speaks for itself   The Estate denies any other allegations in paragraph 20 of the Amended Complaint.

21. The referenced document speaks for itself   The Estate denies any other allegations in paragraph 21 of the Amended Complaint.

22. The Estate admits that HyTech reduced the salary of Johnson from $20,000 per month to $10,000 per month and that Johnson continued to be employed by HyTech for several months after he was informed of this salary reduction. The Estate denies any other allegations in paragraph 22 of the Amended Complaint.

23. The Estate denies the allegations in paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required.

25. Paragraph 25 of the Amended Complaint sets forth legal conclusions, not factual allegations, for which no response is required.

26. The Estate admits the allegations in paragraph 26 of the Amended Complaint.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –4

152746981.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

27.     The Estate admits that Johnson has submitted a claim against the Estate, which claim speaks for itself. The Estate denies any other allegations in paragraph 27 of the Amended Complaint.

28.     The Estate admits the allegations in paragraph 28 of the Amended Complaint.

29.     The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 29 of the Amended Complaint, and on that basis denies those allegations.

30.     The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 30 of the Amended Complaint, and on that basis denies those allegations.

31.     The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 31 of the Amended Complaint, and on that basis denies those allegations.

32.     The Estate denies the allegations in paragraph 32 of the Amended Complaint on the basis that it is too vague to allow for an answer.

33.     The Estate lacks sufficient information to admit or deny any factual allegations in paragraph 33 of the Amended Complaint, and on that basis denies those allegations.

34.     The Estate admits that plaintiffs' employment with HyTech was terminated effective on or before April 30, 2020. The Estate lacks sufficient information to admit or deny the remaining allegations in paragraph 34 of the Amended Complaint, and on that basis denies those allegations.

35.     The Estate admits that one or more of the plaintiffs continued to engage in activities using the property, including intellectual property, of HyTech after being terminated from their employment from HyTech, without the knowledge of all the members of the Board of HyTech or the authorization of HyTech. The Estate denies any other allegations in paragraph 35 of the Amended Complaint.

36.     The Estate lacks sufficient information to admit or deny the allegations in paragraph 36 of the Amended Complaint, and on that basis denies those allegations.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –5

152746981.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

37. The Estate lacks sufficient information to admit or deny the allegations in paragraph 37 of the Amended Complaint, and on that basis denies those allegations.

38. The Estate lacks sufficient information to admit or deny the allegations in paragraph 38 of the Amended Complaint, and on that basis denies those allegations.

39. The Estate lacks sufficient information to admit or deny the allegations in paragraph 35 of the Amended Complaint, and on that basis denies those allegations.

### FIRST CAUSE OF ACTION:
### Johnson's claim for unpaid wages

40. The Estate incorporates its responses to the previous paragraphs of the Amended Complaint.

41. The Estate denies the allegations in paragraph 41 of the Amended Complaint.

42. The Estate denies the allegations in paragraph 42 of the Amended Complaint.

43. The Estate denies the allegations in paragraph 43 of the Amended Complaint.

44. The Estate denies the allegations in paragraph 44 of the Amended Complaint.

### SECOND CAUSE OF ACTION:
### Wrongful denial of COBRA coverage under 29 U.S.C. §§ 1161 et seq. and 1132.

45. The Estate incorporates its responses to the previous paragraphs of the Amended Complaint.

46. Paragraph 46 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

47. Paragraph 47 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

48. Paragraph 48 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –6

152746981.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**THIRD CAUSE OF ACTION:**
**COBRA notice violations (failure to provide notice of continuation benefits) under 29 U.S.C. §§ 1161 et seq. and 1132.**

49. The Estate incorporates its responses to the previous paragraphs of the Amended Complaint.

50. Paragraph 50 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

51. Paragraph 51 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

52. Paragraph 52 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

53. Paragraph 53 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

**FOURTH CAUSE OF ACTION:**
**Attorney fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

54. Paragraph 54 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

55. Paragraph 55 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

**DAMAGES**

56. The Estate incorporates its responses to the previous paragraphs of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

58. Paragraph 58 of the Amended Complaint is directed at other parties and thus does not require a response from the Estate.

59. The Estate denies the allegations in paragraph 59 of the Amended Complaint.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –7

152746981.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**AFFIRMATIVE DEFENSES**

The claims for ERISA or COBRA relief are not understood to be filed against the Estate, nor could they be due to lack of submitting timely notice of claim to the Estate.  Thus, the Estate understands only Evan Johnson's First Cause of Action to be pursued against the Estate.  The Estate reserves all affirmative defenses against the other claims if any of the plaintiffs seeks to pursue them against the Estate.

1. Plaintiff fails to state a claim upon which relief is available to him.

2. Plaintiff's claims are barred by waiver or estoppel.

3. Plaintiff's claims are barred by material misrepresentations by him, HTP or its principals, including but not limited to their representation as to the state or efficacy of the Technology and that they owned the Technology without disclosure that Karma Power asserted and was asserting otherwise.

4. Plaintiff's claims are barred based on frustration of purpose or impossibility of performance.

5. Plaintiff's claims are barred based on mutual mistake.

6. Plaintiff's claims are barred by the business judgment rule.

7. Plaintiff's claims are barred by limitations of liability in the contracts.

8. Plaintiff's claims are barred by statutory limitations of liability for board members.

9. Plaintiff's claims are barred by defendants' good faith conduct.

10. Plaintiff's claims are barred by bad faith conduct of plaintiff, HTP or its principals.

11. Plaintiff's claims are barred by the unclean hands of plaintiff, HTP or its principals.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –8

152746981.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

12. Plaintiff's claims are barred by his own wrong-doing, wrongful acts or omissions, or misrepresentations, whether intentional or negligent, including acts or omissions after the date of the filing of this action.

13. Plaintiff's claims are barred by plaintiff's own breaches of contract or obligations to JCAI, HyTech or others.

14. Plaintiff's claims are barred by ratification, express or implied, by HTP or the members of HyTech's board appointed by HTP.

15. Plaintiff's claims are barred by its violations of or contempt of the preliminary injunction entered in the receivership action.

16. Plaintiff has failed to mitigate its claimed damages.

17. Plaintiff's claims are barred by release or accord and satisfaction.

18. Plaintiff's claims are barred, in whole or in part, because there was a bona fide dispute over Plaintiff's right to wages.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly submitted to any alleged violations of RCW 49.52.050(1) or (2).

**PRAYER FOR RELIEF**

WHEREFORE, the Estate prays for:

A. Dismissal of each of the causes of action with prejudice;

B. Costs of suit and other disbursements incurred by the Estate;

C. An award of reasonable attorneys' fees to the extent allowed by law; and

D. Such other and further relief as the Court deems just and proper.

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –9

152746981.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: June 9, 2021

By: s/ Nicholas P. Gellert
By: s/ Deborah J. Phillips
Nicholas P. Gellert #18041
Deborah J. Phillips #8540
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:    NGellert@perkinscoie.com

Attorneys for Defendants Chase C. Englehart and Margaret A. Clark, Co-Personal Representatives of the Estate of S.B. Joseph Clark

ESTATE'S ANSWER TO AMENDED COMPLAINT
(No. 2:20-cv-01676-RAJ) –10

152746981.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000